IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HEATHER MCMILLAN NAKAI** ) | |
| ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| RYAN ZINKE, *in his official capacity*, ) | Civil Action No. **1:16-cv-01500 (TSC)** |
| Secretary of the UNITED STATES ) | |
| DEPARTMENT OF THE INTERIOR, et al.,) | |
| ) | |
| ) | |
| Defendants ) | |
| ) | |

**Plaintiff's Reply to Defendants' Response to the Motion to Strike Defendants' Response.**

Ms. McMillan Nakai files this Reply to Defendants' Response to Ms. McMillan Nakai's Motion to Strike and asks the Court to rule on the merits of her Motion to Strike, or in the alterative consider the Motion as a request for leave to file a sur-reply. Defendants are correct that Ms. McMillan Nakai did not cite her attempt to contact Defendants regarding the Motion to Strike. Acting in good faith, Ms. McMillan Nakai did reach out to Defendants' counsel for clarification of Defendants' assertions in their Reply on February 15, 2017, but did not receive a substantive response to that request until late on February 17, 2017, after the Motion to Strike was filed. Ms. McMillan Nakai believed, also in good faith, that the Motion to Strike was dispositive so she omitted any reference to that exchange with Defendants' counsel and made no further effort to communicate her intent to file the motion.[1] Despite that procedural error,

---

[1] Ms. McMillan Nakai is an attorney though she is not engaged in private practice, has never

MAR _ 6 2017

Defendants have had a fair opportunity to respond to the Motion to Strike and the substance of that Response (ECF 20) demonstrates that the parties do not agree on the timeliness or validity of the new arguments in Defendants' Reply. These arguments and supporting facts, such as the never before cited legal interpretation that "the Lumbee Act as rendering the Indian preference provision of the Indian Reorganization Act, 25 U.S.C. § 5116, not applicable to Lumbee Indians regardless of whether a claimant could otherwise meet the requirements for Indian preference", were newly asserted in Defendants' Reply to the Motion to Dismiss and thus deny Ms. McMillan Nakai an opportunity to refute them. At all times Ms. McMillan Nakai was acting in good faith and therefore, Ms. McMillan Nakai respectfully asks this Court to consider the Motion to Strike on the merits, or in the alternative, as a motion for leave to file a sur-reply.

Dated:  March 5, 2017                                         BY: _____

Heather L. McMillan Nakai
404 King Farm Blvd. #02
Rockville, MD 20850
(240) 912-6956

---

litigated a case, and has no experience in filing motions with a court. Her lack of resources and experience akin to a non-lawyer *pro se* plaintiff and she cannot match the legal tools and resources available to Defendants. As cited, Ms. McMillan Nakai may not be automatically entitled to more lenient treatment by this Court, but the Court may consider these circumstances in determining what level of lenience to apply. See *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 234 (D.D.C. 2007)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply to the Motion to Strike was served by first-class mail, postage prepaid on the 5 day of March, 2017, upon:

**JEREMY SIMON**
**AUSA FOR THE DISTRICT OF COLUMBIA**
**JUDICIARY CENTER BUILDING**
555 Fourth Street, NW
Washington, DC 20530

_____
Heather L. McMillan Nakai
404 King Farm Blvd #02
Rockville, MD 20850
(240) 912-6956